working so as to cause brick to fall on him, *held* in an action against the latter company for the injury that testimony of plaintiff's fellow-servants to show that there was a general custom for men engaged in the erection or repairing of a building to give notice to men working in elevator shafts before starting to work over their heads was admissible.

4. APPEAL AND ERROR, § 1561*—*when refusal of requested instruction harmless*. Refusal of appellant's requested instruction covered by other instructions given for appellant *held* not prejudicial.

---

**Anna Von Der Osten, Administratrix, Appellee, v. Oscar Daniels Company, Appellant.**

**Gen. No. 19,407.   (Not to be reported in full.)**

Appeal from the Circuit Court of Cook county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed July 2, 1914.

## Statement of the Case.

Action by Anna Von Der Osten, administratrix of the estate of Max Von Der Osten, deceased, against Oscar Daniels Company to recover damages for wrongfully causing the death of plaintiff's intestate. The deceased was employed as a carpenter by the Rudolph S. Blome Company, and while carrying boards near a certain opening or shaft in close proximity with a certain beam or leg which defendant's servants were moving such beam or leg fell down upon a board which plaintiff was carrying so that he lost his balance and fell into the shaft or opening, a distance of about seventy feet, and was killed. To reverse a judgment in favor of plaintiff for five thousand dollars, defendant appeals.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Von Der Osten v. Oscar Daniels Co., 187 Ill. App. 446.

EDDY, WETTEN & PEGLER, for appellant.

JOHN A. BLOOMINGSTON, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 188*—*when evidence warrants finding that person killed was in exercise of due care.* In an action for the wrongful death of plaintiff's intestate alleged to have been caused by the negligence of defendant's servants in moving a certain beam or leg on a building in course of construction, near where the plaintiff's intestate was carrying boards so as to cause the beam to fall on a board which deceased was carrying and cause him to lose his balance and fall, evidence *held* sufficient to warrant a finding by the jury that the deceased was in the exercise of due care for his safety.

2. NEGLIGENCE, § 226*—*when instruction as to degree of care required of person killed not prejudicial.* In an action for wrongful death resulting from negligence, an instruction telling the jury that "the law did not require the plaintiff's intestate the highest degree of care," *held* not prejudicial, it appearing that an instruction given on behalf of defendant stated the degree of care which defendant claims the plaintiff intestate was compelled to exercise.

3. APPEAL AND ERROR, § 1679*—*when variance for want of amendment to declaration waived.* Where plaintiff during the trial asked for leave to amend the declaration but no such amendment was ever made, the defendant on review cannot urge there was a material variance between the declaration and the evidence on the assumption that the declaration was not in fact amended, where in his pleadings and an instruction offered by him he recognized the amendment.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.